**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **YOAV COHEN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 1:25-cv-388** |
| | § | |
| **S4 CAPITAL, PLC, and CITRUSBYTE, LLC,** | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

## ORIGINAL COMPLAINT

Plaintiff Yoav Cohen ("Plaintiff" or "Mr. Cohen") files this Original Complaint against Defendants S4 Capital, PLC ("S4") and CitrusByte, LLC ("CitrusByte") (S4 and CitrusByte collectively referred to herein as "Defendants" or "S4 Capital"), and respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff Yoav Cohen is an individual residing at 8701 Bluffstone Cove, #5208, Austin, TX, 78759.

2. Defendant S4 Capital, PLC is a foreign corporation with its principal place of business located at 12 St James's Place London, SW1A 1NX, United Kingdom, and can be served through its registered office address at 12 St James's Place London, SW1A 1NX, United Kingdom.

3. Defendant CitrusByte, LLC is a California corporation and subsidiary of S4Capital, PLC, with its principal place of business located at 21550 Oxnard Street, Woodland Hills,California 91367, and can be served by its registered agent, Northwest Registered Agent, Inc., 2108 N Street, Suite N, Sacramento, California 95816.

## II. JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds the minimal jurisdictional amount of $75,000 and there is complete diversity between the parties.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because all or a substantial part of the events giving rise to this action occurred in this district.

6. This Court has personal jurisdiction over Defendants S4 and CitrusByte because these companies regularly conduct and solicit business within the State of Texas and this district. This Court further has personal jurisdiction over Defendants because the conduct from which this action arises occurred in this district.

## III. FACTUAL ALLEGATIONS

7. Mr. Cohen served as President and Chief Commercial Officer for Formula.Monks, the Technology Services division of CitrusByte, LLC, until October 2023.

8. A material component of Mr. Cohen's agreed upon compensation with Defendants included a 2023 Incentive Plan providing for up to $1,000,000 in incentive payments based upon certain performance metrics achieved by the Technology Services division in fiscal year 2023. The terms of this 2023 Incentive Plan were negotiated and agreed upon by Brady Brim-DeForest,CEO of Formula.Monks. Specifically, it was agreed upon that Mr. Cohen would receive up to $500,000 based upon the Technology Services' FY 2023 revenue; up to $250,000 based upon the Technology Services' FY 2023 EBITDA; and up to $250,000 based upon the TechnologyServices' new logos targets in FY 2023.

9. On March 27, 2024, S4 Capital issued its FY 2023 Results, reporting that the Technology Services division generated £137M/$170.5M of revenue and £43.4M/$54M of EBITDA. Based upon these financial generations, Mr. Cohen earned and was entitled to $940,000 pursuant to the terms of the agreed upon 2023 Incentive Plan.

10. Defendants failed to pay Mr. Cohen as agreed under the 2023 Incentive Plan, causing Mr. Cohen to submit a formal demand for payment on or about July 24, 2024.

11. Following this formal demand for payment, Mr. Cohen and Defendants agreed to engage in mediation with a third-party mediator on October 6, 2024 with all parties being represented by their respective agents and representatives with full authority to negotiate and enter into a binding settlement. After a full day of negotiations, the parties accepted a mediator's proposal and agreed to settle the dispute for an amount well in excess of the jurisdictional limit of this Court ("Settlement Payment").

12. On or about October 15, 2024, counsel for Defendants S4 emailed a draft of a written Settlement Agreement and General Release ("Settlement Agreement") to counsel for Mr. Cohen, which had been prepared by the law firm representing Defendants S4.

13. Over the next few days, counsel for Mr. Cohen and Defendants conducted further discussions and negotiations as to how the Settlement Payment would be made to Mr. Cohen. On or about October 22, 2024, counsel for Defendants sent an email to counsel for Mr. Cohen stating that he had received confirmation that Defendants would agree to pay the Settlement Payment in two checks, allocated as follows: (a) 1/3 as wage income to be reported via an IRS Form W-2, and (b) 2/3 to non-wage income to be reported via IRS Form 1099 for alleged emotional distress and other damages, as well as attorneys' fees and costs.

14. Mr. Cohen and Defendants agreed to this payment allocation, and on October 26, 2024, Mr. Cohen executed the Settlement Agreement, which was delivered to counsel for Defendants along with requested IRS W-9 Forms via a secure portal on October 28, 2024.

15. On October 31, 2024, Nicole M. Gifford executed the Settlement Agreement on behalf of Defendant CitrusByte in her capacity as Chief Operating Officer.[1] Notably, Defendant CitrusByte changed the authorized signatory for the company from Farana Albert, Global VP, People Strategy, to Ms. Gifford, as Chief Operating Officer.

16. Pursuant to the agreed upon terms of the Settlement Agreement, disbursement of the Settlement Payment was to be paid to Mr. Cohen within ten (10) days after the latest of the following having occurred:

1. Counsel for S4 Capital receives a copy of the Settlement Agreement signed by Mr. Cohen;

2. Counsel for S4 Capital receives an executed W-9 Form from Mr. Cohen's Counsel;

3. Counsel for S4 Capital receives an executed W-9 Form from Mr. Cohen; and

4. The revocation period following the signing of the Settlement Agreement has expired.

17. Mr. Cohen provided Defendants S4 with a copy of the signed Settlement Agreement, along with the requested W-9 Forms, via a secure portal on October 28, 2024, and the revocation period expired on November 3, 2024. Accordingly, pursuant to the agreed upon terms of the Settlement Agreement, Defendants were required to issue payment of the agreed upon Settlement Payment no later than November 14, 2024.

[1] The Settlement Agreement is confidential; however, the fully executed Settlement Agreement can be filed with the Court under seal at the appropriate time if necessary.

18. On November 6, 2024, Defendant CitrusByte issued Mr. Cohen a check for the first 1/3 amount of the Settlement Payment, less applicable payroll/tax withholdings, as set forth in the Settlement Agreement.

19. However, as of the date of the filing of this Complaint, Defendants CitrusByte and S4 Capital have failed to pay Mr. Cohen the remaining 2/3 amount of the Settlement Payment, which amount is well in excess of the jurisdictional limit of this Court. Moreover, upon information and belief, the refusal to pay the remaining amount that is due and owing to Mr. Cohen under the Settlement Agreement is emanating from the highest levels of corporate leadership at Defendant S4 Capital.

20. Through their continued failure and refusal to pay Mr. Cohen the remaining agreed upon amount of the Settlement Agreement, Defendants CitrusByte and S4 Capital are in breach of the Settlement Agreement.

## IV. CAUSES OF ACTION

### (Breach of Contract)

21. Mr. Cohen realleges and incorporates by reference all allegations contained in the preceding paragraphs of the Complaint as if fully set forth herein

22. Mr. Cohen and Defendants CitrusByte and S4 Capital entered into a written Settlement Agreement on or about October 31, 2024, wherein Defendants agreed to pay Mr. Cohen a Settlement Payment to settle disputes regarding the non-payment of compensation that Mr. Cohen claimed he was due and owing as an employee of Defendants.

23. The Settlement Agreement provided that the Settlement Payment would be paid in two payments: one payment for 1/3 of the total amount of the Settlement Payment less applicable

withholdings, and one payment for the remaining 2/3 of the total amount of the Settlement Payment.

24. Pursuant to the agreed upon terms of the Settlement Agreement, Defendants were required to pay the entire amount of the Settlement Payment to Mr. Cohen on or before November 14, 2024.

25. Defendants paid Mr. Cohen the first payment of 1/3 of the Settlement Payment on or about November 6, 2024.

26. Defendants have failed to pay Mr. Cohen the remaining 2/3 amount of the Settlement Payment, which amount is well in excess of the jurisdictional limit of this Court, and Defendants are therefore in breach of the Settlement Agreement.

27. As a direct and proximate result of Defendant's wrongful conduct and breach of the Settlement Agreement, Mr. Cohen has suffered damages in an amount well in excess of the jurisdictional limit of this Court, and is therefore entitled to judgment against Defendants for compensatory damages, as well as reasonable and necessary attorneys' fees and costs under Texas Civil Practice and Remedies Code § 38.001

## V. PRAYER

28. For these reasons, Plaintiff Yoav Cohen respectfully requests judgment against Defendants as follows:

a. Judgment that Defendants are liable for payment to Plaintiff in the amount of the Settlement Payment pursuant to the Settlement Agreement with Plaintiff;

b. Judgment that Defendants are in breach of the Settlement Agreement with Plaintiff by failing to pay Plaintiff the Settlement Payment pursuant to the Settlement Agreement;

c. Awarding Plaintiff compensatory damages and any other damages to which he is entitled in an amount to be shown at trial;

d. Awarding costs, attorneys' fees, prejudgment interest, and post-judgment interest; and

e. All other relief, in law and equity, to which Plaintiff may show himself to be entitled.

Respectfully submitted,

**CORNELL SMITH MIERL**
**BRUTOCAO BURTON, LLP**
1607 West Avenue
Austin, Texas 78701
Telephone: (512) 328-1540
Telecopy: (512) 328-1541

Edward M. "Ted" Smith
tsmith@cornellsmith.com
State Bar No. 00791682
Mary Quimby
mquimby@cornellsmith.com
State Bar No. 24132506

By: *_/s/ Edward M. "Ted" Smith_*
Edward M. "Ted" Smith

**ATTORNEYS FOR PLAINTIFF**